WALTER A. PORTER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon October 16, 1895.*

1. INDICTMENT—*assault to rape a girl under fourteen need not be stated to have been made forcibly.* An indictment for assault with intent to commit rape upon a girl under fourteen, with whom intercourse, either with or without her consent, constitutes rape under the statute, need not allege that the assault was made forcibly.

2. EVIDENCE—*as to venue in criminal case—defendant's own testimony sufficient.* Failure of the prosecution to prove the venue of the offense may be aided by the testimony of the defendant himself, given in his own behalf.

3. APPEALS AND ERRORS—*instruction to decide "according to the weight of the evidence"—when not ground for reversal.* An instruction to decide in accordance with the weight of the evidence is not ground for reversal of a conviction, where numerous other instructions plainly and emphatically stated and reiterated the rule that guilt must be established beyond a reasonable doubt.

4. TRIAL—*finding age of defendant in criminal prosecution.* Failure to find whether or not the defendant indicted for assault with intent to commit rape was between the ages of ten and twenty-one years, as required by the act to establish the reformatory, (3 Starr & Curtis' Stat. 1050,) does not render a verdict insufficient, especially where there is evidence that he was a married man and the father of one child. *Sullivan* v. *People*, 156 Ill. 94, followed.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. O. A. HARKER, Judge, presiding.

A. B. GARRETT, and WILLIAM A. SCHWARTZ, for plaintiff in error:

The indictment is bad for the reason the word "forcibly" does not appear in charging the alleged offense. Hurd's Stat. 1893, chap. 38, sec. 236, p. 511; 3 Greenleaf on Evidence, (13th ed.) sec. 209; Bouvier's Law Dic. title "Rape;" 1 Wharton on Crim. Law, (8th ed.) p. 550.

The law requires the prosecution to prove the venue. *Rice* v. *People*, 38 Ill. 435; *Sattler* v. *People*, 59 id. 68; *Jackson* v. *People*, 40 id. 405.

The verdict is insufficient.    Hurd's Stat. sec. 10, chap. 118, p. 1164.

MAURICE T. MOLONEY, Attorney General, T. J. SCO-FIELD and M. L. NEWELL, of counsel, and JOHN M. HER-BERT, State's Attorney, for the People:

The venue may be proved the same as other facts in the case. *Dougherty* v. *People*, 118 Ill. 160; *Sullivan* v. *People*, 122 id. 385; *People* v. *Suppiger*, 103 id. 434; *Harding* v. *Strong*, 42 id. 148.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Walter A. Porter was indicted in the circuit court of Jackson county for an assault upon Nora Blackwood with intent to commit a rape, and at the trial the jury found him guilty, and fixed his punishment at imprisonment in the penitentiary for the term of one year. Sentence having been pronounced upon him in accordance with the verdict, he now brings the record to this court by writ of error.

The first proposition submitted by counsel for the defendant is, that the indictment is insufficient, in that it omits the use of the word "forcibly" in its description of the offense which the defendant is charged with having attempted to commit. The indictment alleges that the defendant, "on the tenth day of October, 1893, at and within the county of Jackson, State of Illinois, then and there being a male person of the age of sixteen years and upwards, unlawfully and feloniously did make an assault in and upon one Nora Blackwood, then and there being a female person under the age of fourteen years, to-wit, of the age of eleven years, and her, the said Nora Blackwood, then and there wickedly, unlawfully and feloniously, with intent then and there to ravish and carnally know, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois."

Our statute defines rape to be "the carnal knowledge of a female, forcibly and against her will," and ordinarily the offense can be described only by alleging that it was committed "forcibly and against the will" of the female. But the same section of the statute in which the foregoing definition of the offense is given also provides that "every male person, of the age of sixteen years and upwards, who shall have carnal knowledge of any female person under the age of fourteen years, either with or without her consent, shall be adjudged guilty of the crime of rape." (3 Starr & Curtis' Stat. p. 368.) This prosecution was brought under this latter clause of the statute, it being charged that the defendant was a male person of the age of sixteen years and upwards, and that the female against whom the offense was attempted to be committed was a female person under the age of fourteen years, to-wit, of the age of eleven years. Under these circumstances it was immaterial whether the offense was forcible and against the will of the female or not, as by the statute the consummated offense would have been rape, whether committed with or without her consent. We are of the opinion, therefore, that the objection thus made to the indictment is not well taken.

The next point made is, that there is no sufficient evidence that the offense charged was committed in Jackson county. It must be confessed that the testimony of the prosecuting witness, when taken alone, fails to show in what county the assault took place. She testifies that she lives in Murphysboro, Jackson county, Illinois, and has lived there all her life, though on cross-examination she admits that she lived about ten months at Champaign, and after that returned to Murphysboro. She further testifies that some time prior to the commission of the assault she left her father's house and went to live with the defendant, and that it was at his house that the assault was committed. She fails to state, however, where or in what county the defendant's house is situated. An

elder sister of the complaining witness testifies that she lived in Murphysboro, and that the defendant lived "not very far" from where she was living. In another place she says that the defendant lived "but a little piece," and in another, that he lived "just a little ways over," from where she did. This testimony might perhaps be regarded as too uncertain to prove, beyond a reasonable doubt, that the offense was committed in Jackson county, but the matter is placed beyond doubt by the testimony of the defendant himself. When on the stand testifying in his own behalf he stated positively that the house in which he was living at the time the assault is alleged to have been committed was in Murphysboro, and that the complaining witness was then living with him at that house, thus fixing the location of the defendant's house and the venue of the offense beyond all possible doubt.

It is next insisted that the evidence is insufficient to warrant a verdict of guilty. The testimony of the complaining witness, if believed by the jury, was, in our opinion, sufficient to warrant the jury in finding the defendant guilty. Her testimony is corroborated by that of other witnesses, who testify to declarations and admissions made by the defendant at various times since the time of the alleged assault, and it is disputed as to most material matters by that of the defendant. A discussion of the evidence in detail would serve no useful purpose, and all we need say is, that it is sufficient to sustain the verdict. The case was one for the jury, and we are able to see no tenable ground upon which to call in question their finding. They saw and heard the witnesses, and they having come to the conclusion that the witnesses for the prosecution have testified to the truth, their finding must be accepted as final.

Complaint is made of the following instruction given to the jury at the instance of the prosecution:

"You are instructed that if the testimony of any witness appears to be fair, is not unreasonable and is con-

sistent with itself, and the witness has not in any way been impeached, then you have no right to disregard the evidence of such witness from mere caprice or without cause. It is the duty of the jury to consider the whole of the evidence, and to render a verdict in accordance with the weight of the evidence in the case."

This instruction, standing alone, would doubtless be erroneous. In criminal cases the defendant cannot be found guilty upon a mere preponderance of the evidence, but his guilt must be established by evidence sufficiently strong to exclude from the minds of the jury all reasonable doubt on that subject. But it is clear that in this case the jury could not have been misled by the giving of the foregoing instruction. In several other instructions given at the instance of the prosecution, as well as in quite a large number of instructions given at the instance of the defendant, the rule that in order to a conviction the guilt of the defendant must be established beyond a reasonable doubt is plainly and emphatically expressed, and is reiterated in various ways, so that the jury could not have been left to suppose that his conviction would be warranted by a mere preponderance of the evidence. We think the error in the instruction above cited was fully cured by the numerous other instructions given at the request of both parties.

It is finally urged that the verdict is insufficient, in that it fails to find whether or not the defendant was between the ages of ten and twenty-one years, as required by section 10 of the act to establish the Illinois reformatory. (3 Starr & Cur. Stat. 1051.) There was no evidence given at the trial as to the age of the defendant, beyond what may be inferred from the fact that he was a married man and the father of one child. No objection was made to the verdict at the time it was returned by the jury, on the ground that it failed to find the defendant's age. But the necessity for such finding in a case like the present is

settled adversely to the contention of the defendant by the recent case of *Sullivan* v. *People*, 156 Ill. 94.

After carefully examining the entire record we fail to find any error for which the judgment should be disturbed, and it will therefore be affirmed.

*Judgment affirmed.*