(No. 17544.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARK H. FARNSWORTH, Plaintiff in Error.

*Opinion filed December 23, 1926.*

1. CRIMINAL LAW—*when indictment sufficiently charges larceny as bailee.* An indictment which charges that the defendant converted to his own use, with felonious intent to steal, $750, which, in the form of checks of that amount, had been delivered to him as bailee, sufficiently charges larceny as bailee.

2. SAME—*when venue is sufficiently proved—judicial notice.* Venue is sufficiently proved where exhibits or documentary evidence and other facts in the record show the names of the cities where the transactions occurred, which are in the county named in the venue, as the Supreme Court will take judicial notice of the county where the cities are located.

3. SAME—*when record does not show defendant had incompetent counsel.* In the Supreme Court a plaintiff in error cannot complain that he was not represented by competent counsel in the trial court where he does not show that he was prejudiced by the admission of improper evidence, and where the record clearly shows that he committed the crime charged and that the court committed no error in the protection of his rights as defendant.

4. SAME—*when court is justified in asking questions of witness.* The trial court is justified in asking questions of the prosecuting witness, who spoke the English language with difficulty and where the questions were such as might be put to enable the court and jury to understand what the witness was trying to say.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

HERMANN P. HAASE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, CLARENCE E. NELSON, and CHARLES J. MUELLER, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, Mark H. Farnsworth, was convicted of larceny in the criminal court of Cook county and sentenced to imprisonment in the penitentiary. The indictment contained two counts. The first charged that in May, 1923, there were delivered to defendant, as bailee, checks (describing them) for the payment of $750, of the value of $750, lawful money of the United States, the personal goods and property of Andrew Verhait; that defendant converted the same to his own use with the felonious intent to steal, take and carry the same away. The indictment further charged that defendant was not usually and publicly a resident of Illinois since May, 1923. The second count charged defendant with obtaining the same property by means of the confidence game. The State's attorney *nolled* the second count. There was no motion to quash. Defendant pleaded not guilty. The jury returned a verdict finding him "guilty of larceny in manner and form as alleged in the indictment" and found the value of the property to be $750. Motions for a new trial and in arrest of judgment were overruled and defendant sentenced on the verdict.

The errors chiefly relied on by defendant for reversal of the judgment are, that the evidence did not tend to prove him guilty of the crime of the larceny charged against

324—7

him; that the prosecution failed to prove the venue; that defendant was not represented by competent counsel; that the court and State's attorney were guilty of improper conduct; and that erroneous instructions were given for the People.

Verhait, whose property defendant is charged with stealing, applied to defendant, a real estate agent, about the first of May, 1923, for the purchase of a piece of real estate defendant represented he had for sale, and defendant showed Verhait a house and lot in Homewood, Illinois, which Verhait agreed to buy and defendant agreed to sell to him for $6000. One hundred dollars was to be paid in cash to bind the bargain and the residue of it was to be paid later in installments. Verhait temporarily borrowed the money from a friend to make the $100 payment. The parties met again a day or two later to complete the transaction, and Verhait paid defendant by check or draft $650 in addition to the $100 already paid. There is no substantial dispute about defendant getting the checks and the money ($750) on them. Verhait speaks the English language so imperfectly that it is difficult to get a correct understanding of the transaction from his narration, but in substance it is not denied by defendant. Defendant disappeared a few days after receiving the money and did not return again for about two years. He went to Nebraska and California. After his return, in 1925, Verhait learned of it and caused his arrest. He was put in jail, and while in jail he wrote Verhait on June 9, 1925, asking Verhait to help get him out of jail and promising to pay the money back. He said if he could get out of jail and go on with his business of real estate salesman and broker he would pay Verhait the $750, "which I got from you by means of falsehoods and false representations." He said he did not blame Verhait for causing him to be arrested and admitted that he deserved punishment for what he had done, but said if given a chance he could undo the wrong and would pay Verhait

out of the first money he got from the sale of real estate. Verhait was the only witness to testify for the prosecution and defendant the only witness to testify in his behalf. There was some documentary evidence introduced. Defendant testified he left Chicago about the 10th or 15th of May on account of domestic troubles. He further testified he gave Verhait a note, while in jail, for $750, but testified the note had never been paid. He said he owed Verhait the $750.

The transaction between the two men has all the earmarks of a crook dealing with an ignorant individual, but there is nothing in the transaction to relieve it from its criminal characteristics. Defendant received checks or drafts from Verhait for $750 to pay on property, which he never applied to that purpose but converted to his own use. Verhait never got the land.

It is argued by defendant's counsel that the defendant was convicted of larceny as bailee but the indictment does not charge that crime. The indictment charges defendant with converting to his own use the $750 of Verhait which was then and there delivered to defendant as bailee. The indictment is not a model pleading, but it charges that the property was delivered to defendant as bailee and that he converted it to his own use with the felonious intent to steal the same. This is sufficient as a charge of larceny by defendant as bailee.

The parties first met at Homewood and then went to Chicago Heights, and it is a fair inference from the evidence, and the only reasonable inference that can be deduced from it, that the transactions occurred in Chicago Heights and Homewood, which the court will take judicial notice are in Cook county. The abstract of the record shows that the State's attorney inquired of Verhait if all he had testified to occurred in Cook county but does not show his answer to the question. The exhibits introduced in evidence were executed in Chicago Heights and Homewood,

and we are warranted in the conclusion that it is sufficiently shown that the transactions all occurred in Homewood and Chicago Heights. (*People* v. *Allegretti,* 291 Ill. 364; *People* v. *Schmidt,* 292 id. 127; *People* v. *Shaw,* 300 id. 451.) It is by no means certain that all the testimony is properly a part of the record, but we have treated it as if it were, for it can make no difference in the conclusion which must be arrived at.

It is also urged by defendant that he was not represented by competent counsel. He was represented by counsel of his own choosing, and while they may not have conducted the case like counsel who represents the defendant in this court, we do not think defendant's contention can be sustained. Our attention is called to no improper evidence admitted and no objections or exceptions to the introduction of proof, and we are of opinion that no error was committed by the court in that respect. The proof overwhelmingly shows the defendant got the money of Verhait, and we are unable to see that he was not properly represented by counsel, and it cannot be said that he was not justly convicted. Counsel for defendant here representing him says that defendant's counsel on the trial did not raise the question of variance between the allegations and the proof. This is predicated upon the proposition that the indictment did not charge defendant with larceny as bailee. We have seen this is a misapprehension.

It is further objected that the court conducted the prosecution. It is true, the court asked the witness a number of questions, but the court was entirely justified in doing so because of the witness' lack of ability to express himself in the English language, and all the court asked him was to enable the court and jury to understand what the witness was trying to say.

The objection that the State's attorney was guilty of improper and prejudicial conduct in his argument is without merit.

Objection is made to two instructions, said to be No. 1 and No. 13. The instructions are not numbered, but No. 1 is said by counsel to be on page 36 of the abstract and No. 13 on page 39. We have examined the instructions found on those pages and find no reversible error in them.

The competent evidence abundantly proved that defendant received the checks or drafts from Verhait to apply on the payment of the purchase price of property in Homewood and that he feloniously converted them to his own use and was guilty of the crime of larceny as bailee.

There is no reversible error in the record, and the judgment is affirmed.

*Judgment affirmed.*