(No. 33968.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
REXFORD CLARK, Appellant.

*Opinion filed September 25, 1956—Rehearing denied Nov 19, 1956.*

DANIEL D. GLASSER, of Chicago, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, EDWIN A. STRUGALA, IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for appellee.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Rexford Clark, was found guilty in the municipal court of Chicago of unlawfully and knowingly having in his possession a certain writing, paper, document or article, representing or being a record of chance, share or interest in numbers sold, drawn, or to be drawn, in what is commonly called "policy," and used in the promoting or playing of said game, in violation of section 2 of an act for the prevention of policy-playing (Ill. Rev. Stat. 1953, chap. 38, par. 413.) He was tried and sentenced by the court to serve a term of 30 days in the county jail and appeals from the judgment assigning error in that: (1) the court erred in denying his petition to suppress certain evidence which was allegedly taken from his person in violation of his constitutional rights; (2) the evidence does not establish his guilt of the crime charged beyond a reasonable doubt; (3) venue was not proved as alleged in the information; and (4) the court erred in denying his request to make an offer of proof. The defendant brings the record here for review, constitutional questions being involved. *People* v. *Humphreys,* 353 Ill. 340; *People* v. *McGurn,* 341 Ill. 632.

When the case was called for trial, the defendant presented a written petition to suppress as evidence certain policy slips and sheets. Therein he alleged that said property was unlawfully taken from his person by Chicago police officers Roland, Mitchell and Mullin in the county of Cook and State of Illinois, when defendant was unlawfully arrested on the pretext that he had violated a city parking ordinance. The petition further alleged that the property was now in the possession of the city of Chicago and belonged to the defendant, and requested its return. In support of his petition, the defendant called as his witness officer Mullin, who testified in substance that he was a police officer of the city of Chicago, assigned to the commissioner's office in connection with gambling investi-

gations; that on October 10, 1955, at about 12:15 P.M. he was with officers Roland and Mitchell and they observed the defendant park his car in front of 4508 Forrestville Avenue, after which the defendant got out of the car and was about to cross the street; that the witness approached the defendant and asked him if he parked his car like that all the time, and defendant asked officer Mullin what was wrong with it; that the witness then directed officer Roland to measure the distance of the wheels from the curb and it was found that the right front wheel was 21 inches from the curb and the rear wheel 18 inches; and that the permissible parking distance from the curb was 12 inches. The witness then testified that he saw a package sticking out of defendant's right rear pocket; that this package protruded about 2 inches and was only partially obscured by a handkerchief; that the witness asked the defendant what he had in the package and the defendant replied, "policy slips." Thereupon the witness took possession of the package containing the policy slips without inserting his hand in defendant's pocket; that the officers then searched the defendant's car and found some policy sheets, and forthwith formally charged the defendant with the offense of which he was convicted.

Defendant insists that the seizure of the evidence cannot be justified on the ground that it was taken by the officers in the course of a lawful arrest because no arrest had in fact been made prior to the seizure. It is admitted that the officers had no warrant for defendant's arrest. But an arrest may be made by an officer or private person without a warrant for a criminal offense committed or attempted in his presence. (Ill. Rev. Stat. 1953, chap. 38, par. 657.) The term "criminal offense," as used in this statute includes misdemeanors as well as felonies. (*People* v. *Edge*, 406 Ill. 490.) If the defendant in fact violated a municipal parking ordinance in the presence of the officers they had the right to arrest him without a warrant for that offense.

The guaranty of section 6 of article II of our constitution is not against all searches and seizures but only against unreasonable search and seizure, and does not extend to immunity from search upon lawful arrest. (*People v. Barg*, 384 Ill. 172.) Where the arrest is justified, for whatever cause, the accompanying search is also justified. (*People v. Tabet*, 402 Ill. 93.) So in this case a search incident to an arrest for a parking violation would be justified. The fact that the property was taken without the necessity of a search cannot make its seizure unlawful if it could have been lawfully seized upon search. We cannot agree that the evidence fails to show an arrest for unlawful parking. No formal declaration of an arrest on that charge had been made by the officers, but none was necessary. The evidence clearly shows that the violation had been called to the attention of defendant; that he voluntarily submitted to the control of the arresting parties; and that the officers intended to effect the arrest and that the defendant so understood them. The elements of a valid arrest were present. (4 Am. Jur. Arrest, pages 5 and 6; 6 C.J.S. 571.) It is immaterial whether or not defendant was ever formally charged with the traffic violation, or whether or not that charge was sustained. *People v. Edge*, 406 Ill. 490.

We believe that the seizure of the policy slips and sheets may also be justified on the ground that the event was incident to a lawful arrest for the possession of the contraband in violation of the statute, committed in the presence of the officers. The gist of the offense under the statute is the unlawful possession of the forbidden articles. (Ill. Rev. Stat. 1953, chap. 38, par. 413.) The evidence shows that the officer saw the package protruding from defendant's pocket; that he called this to the latter's attention and asked him what he had, whereupon defendant replied, "policy slips." At that moment the defendant was violating the statute in the presence of the officer who was thereupon justified in making an arrest without a warrant and in

seizing the contraband. Though there is no evidence of a formal declaration of arrest for violation of the statute it is clear from what transpired that an arrest for violation of the statute was in fact made at the time of the seizure; that the officer so intended and the defendant so understood; that the seizure of the articles was justified as incident to a lawful arrest for violation of the statute committed in the presence of the officers. Under these circumstances the court properly denied defendant's petition to suppress the evidence and return the property.

The defendant contends that the evidence adduced does not establish the *corpus delecti* of the crime because it fails to show beyond a reasonable doubt that articles of the type forbidden by the statute were in fact possessed by him or possessed by him with knowledge of their unlawful character. During the course of the hearing on the petition to suppress, defendant's counsel requested that the package containing the slips be received in evidence, and established by the testimony of the officer that this was the package taken from the person of the defendant, and that it was in the same condition as when taken. After the petition to suppress had been overruled and the defendant had entered a not guilty plea, the State's Attorney offered to stipulate to the same evidence brought out in the hearing on the petition to suppress with the understanding that the evidence taken from defendant's pocket be received in evidence as State's exhibit 1 and be introduced on behalf of the People. Counsel for defendant stated he had no objection and joined in the stipulation. Thereupon the documents were duly received and marked as requested. The People then rested their case and the defendant offered no further testimony. Section 3 of the act under which the information was laid provides that possession of policy tickets or slips is presumptive evidence that the tickets or slips were knowingly possessed in violation of the statute. (Ill. Rev. Stat. 1953, chap. 38, par. 414.) Thus the proof

received on behalf of the People by stipulation clearly establishes the possession of policy slips by the defendant, and since no testimony was offered by the defendant to rebut the presumption that they were knowingly possessed in violation of the statute, the record as it stands is sufficient to prove the *corpus delecti* of the crime and establish the guilt of the defendant beyond a reasonable doubt.

The information charges that the offense was committed on October 10, 1955, in the city of Chicago, county of Cook and State of Illinois. The defendant contends that the evidence does not prove the venue as laid in the information. However, the defendant established that he was arrested by three Chicago police officers who were assigned to the commissioner's office to investigate gambling complaints. In his sworn petition to suppress, which was received in evidence as an exhibit at his request and was later, by stipulation, made a part of the People's case, the defendant alleged that on October 10, 1955, "officers Roland, Mitchell and Mullin, police officers of the City of Chicago, in the County of Cook, and in the State of Illinois, made an unlawful search and seizure of property from the said Rexford Clark, defendant in the above-entitled cause, which said property was his and was then in his possession," and "that said property is now in the possession of the City of Chicago." This court has held that the venue of an offense may be proved like any other fact in a criminal case; that it need not be established by positive testimony, nor in the words of the information; and that if from the facts appearing in evidence, the only rational conclusion which can be drawn is that the offense was committed in the county alleged, it is sufficient. (*People* v. *Shaw,* 300 Ill. 451; *Weinberg* v. *People,* 208 Ill. 15, at page 19.) The defendant's evidence may be considered and may supply deficiencies in the State's proof on the question of venue. (*Porter* v. *People,* 158 Ill. 370.) Considering the entire record, including defendant's petition which he

elected to have made a part thereof, there is no reasonable doubt that the offense was committed at the place charged.

We further hold that venue was sufficiently proved by the testimony of officer Mullin which recited that he and the other police officers first saw the defendant as he parked his car in front of 4508 Forrestville Avenue when they stood at the southwest corner of Forty-fifth and Forrestville. We will take judicial notice that Forty-fifth Street and Forrestville Avenue are in the city of Chicago as alleged in the information. *People* v. *Golub*, 333 Ill. 554; *People* v. *Farnsworth*, 324 Ill. 96.

In support of his petition to suppress, the defendant asked his witness, officer Mullin, certain questions relative to the general practice of making traffic arrests in connection with gambling investigations. The court sustained objections to most of the questions on the ground that such evidence was not relevant to the issue of whether there had been a lawful arrest in this case as a basis for the seizure in question. Counsel for the defendant then offered to prove such a general practice but did not state the facts relied upon or by whom he intended to make such proof. The court properly denied this offer. The questions asked were foreign to the issues presented on the petition to suppress, and the form of the general offer of proof was inadequate.

We find no merit in the assignments of error presented and the judgment of the municipal court of Chicago is therefore affirmed.

*Judgment affirmed.*