(No. 34875.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT WEST *et al.*, Plaintiffs in Error.

*Opinion filed November 26, 1958.*

172

GETER & GETER, of Chicago, (HOWARD D. GETER, SR., and HOWARD D. GETER, JR., of counsel,) for plaintiffs in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, LOUIS B. SUNDERLAND, FRANCIS X. RILEY, and HENRY W. MCGEE, JR., of counsel,) for the People.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

Separate informations filed in the municipal court of Chicago charged Robert West and Willie Robinson, defendants, with unlawfully and knowingly possessing "policy slips" in violation of our Criminal Code. (Ill. Rev. Stat. 1957, chap. 38, par. 413.) Both men waived a jury trial whereupon the causes were heard by the court which, in each instance, entered judgments of conviction and sentenced defendants to serve terms of 30 days in the county jail. Defendants prosecute this writ of error, the causes having been consolidated for review by the court below, and, although only a misdemeanor is involved, constitutional claims raised and passed upon by the trial court invest us with jurisdiction. *People v. Clark,* 9 Ill.2d 400; *People v. McGowan,* 415 Ill. 375.

Defendants first contend, as they did below, that they were unlawfully arrested with the result that ensuing searches of their persons and the seizure of policy tickets found upon them were in violation of their constitutional rights. For this reason it is urged that the court erred in denying their motions to suppress the evidence so obtained. The constitutional guaranties against search and seizure are not against all searches and seizures but only against those that are unreasonable and do not extend to immunity from search upon lawful arrest. (*People* v. *Tillman,* 1 Ill.2d 525; *Weeks* v. *United States,* 232 U.S. 383, 58 L. ed. 652.) Where the arrest is justified the accompanying search is also justified, (*People* v. *Tabet,* 402 Ill. 93; *Agnello* v. *United States,* 269 U.S. 20, 70 L. ed. 145,) and, conversely, it is beyond question that an arrest being unlawful, the ensuing search of the person and the seizure of evidence is likewise unlawful. (*People* v. *McGurn,* 341 Ill. 632; *United States* v. *Clay,* 239 F.2d 196.) Defendants do not contend otherwise but insist they were illegally arrested and that, therefore, the subsequent searches of their persons were unreasonable and in violation of their constitutional rights.

Recourse to the evidence heard upon the motions to suppress reveals the following facts relative to the circumstances of the arrests: At approximately 4:00 P.M., November 4, 1957, James Mullen, a police officer assigned to the gambling detail, was driving in the vicinity of 115 S. Honore Street in the city of Chicago. At the time he had no warrants for defendants' arrest nor does it appear that they were under suspicion of any crime. When half a block from the address named, Mullen observed West leave a parked car and enter a building, whereupon the officer drove up to the car and stopped beside it in the wrong lane of traffic. Upon alighting from his own vehicle Mullen saw Robinson seated in the driver's seat of the parked car and,

by his version, before anything was said, observed policy tickets in plain view on the car seat next to Robinson. By the officer's further testimony, corroborated to some extent by Robinson, West's return to the parked car coincided with the officer's approach to it. Thereafter Mullen informed both men they were under arrest for the possession of policy slips and, upon searching their persons, found still other policy tickets in the pockets of each. At the trial the tickets found on the seat and those taken from defendants were offered and received in evidence as separate exhibits.

The testimony of Robinson concerning the arrest was materially different. According to him the policy tickets on the car seat were in a closed bag and were neither visible to nor discovered by officer Mullen until the latter had identified himself as a policeman, and had demanded and received the bag. In corroboration West testified that when he left the car the policy tickets were in a closed bag on the floor, and further related that Mullen had the bag in his hand at the time the witness returned to the car. Both men emphasized their testimony by stating that they "always" kept the bag closed.

Under section 4 of division VI of the Criminal Code, (Ill. Rev. Stat. 1957, chap. 38, par. 657,) an arrest may be made by an officer without a warrant for a criminal offense committed or attempted in his presence, or when a criminal offense has in fact been committed and he has reasonable grounds for believing that the person arrested committed it. (*People* v. *Tabet*, 402 Ill. 93; *People* v. *DePompeis*, 410 Ill. 587.) Likewise it is firmly established that a search and seizure without a search warrant may constitutionally be made as an incident to a lawful arrest for an offense committed in the presence of the arresting officer. (*People* v. *Davies*, 354 Ill. 168.) In the instant case the gist of the offense under the statute is the unlawful possession of policy tickets, and the circumstances were

such as would provide officer Mullen with reasonable grounds for believing both defendants were implicated in the offense. Both men were occupants of the automobile and, at the time the arrests were made, the officer had no knowledge as to which was in possession and control of the parked vehicle. (Cf. *People* v. *McGowan,* 415 Ill. 375.) Thus the commission of the offense in the officer's presence was complete, and the resulting arrest, search and seizure were justified, if the officer did in fact see the policy slips in defendants' possession as he testified. (Cf. *People* v. *Clark,* 9 Ill.2d 400.) On the other hand, if he did not become aware of the possession until after his seizure and examination of a bag, as defendants testified, both the arrests and ensuing searches were unlawful, for it is axiomatic that a search which is unlawful in the beginning is not made lawful by the discovery and seizure of contraband articles. See: *People* v. *Scaramuzzo,* 352 Ill. 248; *United States* v. *Clay,* (5th cir. 1956) 239 F.2d 196.

A determination of whether defendants' arrests were lawful or unlawful thus resolves itself into a question as to which witnesses were telling the truth. Where a cause is tried by the court without a jury, the determination of the credibility of the witnesses and the weight to be accorded their testimony is committed to the trial judge, (*People* v. *Litberg,* 413 Ill. 132; *People* v. *Holt,* 398 Ill. 606;) and unless it can be said the court's judgment is found to rest on doubtful, improbable or unsatisfactory evidence, or clearly insufficient evidence, a reviewing court will not substitute its judgment for that of the court below even though evidence regarding material facts is conflicting and irreconcilable. (*People* v. *Crawford,* 387 Ill. 616.) The trial court in the present case accepted the version of the witness Mullen as being the true one and, under the circumstances presented in the record, we find no basis for substituting our judgment for his. Accordingly, we conclude

that the arrests and accompanying searches were lawful, and that the court properly denied defendants' motions to suppress the evidence obtained on such occasion.

Defendants further contend and argue briefly: (1) that the court was without jurisdiction to try them because they were not arraigned as required by statute (See: *People* v. *Evenow*, 355 Ill. 451); (2) that the court admitted improper evidence on the part of the prosecution; and (3) that they were not proved guilty beyond reasonable doubt. A complete answer to the first contention is found in an additional record filed by the People which shows that each defendant was in fact arraigned and entered pleas as required by law.

What has already been said concerning the legality of the arrest and search of defendants disposes of the second contention, *i.e.*, that the policy tickets taken from their persons were improper evidence. Having been lawfully obtained, such evidence was properly admitted. The same evidence, together with the testimony of officer Mullen and the policy tickets he found on the seat of the car, is sufficient to establish the guilt of both defendants beyond reasonable doubt. Defendants' only specific argument to the contrary is that the policy slips taken from Willie Robinson were never received in evidence. However, even if this were true, and we think it is not, the remaining evidence is sufficient to establish his guilt of the crime charged beyond any reasonable doubt.

The judgments of the municipal court of Chicago are affirmed.

*Judgments affirmed.*