(No. 35174.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WADDELL BERRY, Plaintiff in Error.

*Opinion filed September 24, 1959.*

GETER & GETER, of Chicago, (HOWARD D. GETER, SR., HOWARD D. GETER, and BENJAMIN C. DUSTER, of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY and EDWIN A. STRUGALA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Under an indictment returned to the criminal court of Cook County, defendant, Waddell Berry, was charged in count 1 with the unlawful possession of policy paraphernalia on February 14, 1958, punishable as a misdemeanor, and in count 2 with the same act of possession plus a prior conviction for the possession of policy paraphernalia on October 17, 1952. The Criminal Code provides that a second conviction for such possession is punishable by imprisonment in the penitentiary. (See: Ill. Rev. Stat. 1957, chap. 38, par. 413.) Defendant waived a jury and, prior to trial on July 2, 1958, filed a motion to suppress certain evidence alleged to have been taken from his person in violation of his constitutional rights. His trial followed a denial of such motion and culminated with a finding that he was guilty under count 2. Pending investigation of an application for probation the cause was continued to July 18, 1958, on which date the court denied probation but expressed an opinion that the form of count 2 was in conflict with provisions of the Illinois Habitual Criminal Act, (Ill. Rev. Stat. 1957, chap. 38, pars. 603.1-603.9,) and that sentence could be pronounced only under the first count. As a result the State's Attorney entered a *nolle prosequi* as to count 2 and the court thereafter sentenced defendant to six months in jail under count 1 of the indictment. Defendant prosecutes this writ of error for review and although only a misdemeanor is involved, constitutional issues are present to invest us with jurisdiction. *People v. West,* 15 Ill.2d 171; *People v. McGurn,* 341 Ill. 632.

Facts relevant to the claim that evidence was taken from defendant's person in violation of his constitutional rights are as follows: John Hastings, a Chicago police officer who testified both at the hearing upon the motion to suppress and at the trial itself, stated that on February 14, 1958, he and Raymond Durkin, a fellow officer, observed a 1949 Dodge automobile, having neither State license plates nor

city vehicle sticker, parked at the corner of 49th Street and Forrestville in the city of Chicago. A man later identified as the defendant was seated at the steering wheel and another individual, Melvin Sanders, was seated next to him. As the officers approached the car on foot they observed Sanders hand a package of policy tickets to the defendant, who hastily placed them in his pocket, whereupon Hastings opened the car door, took the package from the defendant's pocket, and told him he was under arrest for failure to have the necessary automobile licenses and for possession of policy paraphernalia. A subsequent search of the defendant's person revealed still other policy tickets which, together with the first-observed package, were admitted in evidence at the trial. Upon cross-examination it was admitted that Hastings had been assigned to the gambling detail for some years before the occurrence and that he had known defendant prior to his arrest. Hastings's account was corroborated by the testimony of Raymond Durkin, the other police officer.

Defendant, although supporting the officer's account in some detail, denied that he had been given a package by Sanders, or that any policy tickets were visible to the policemen prior to the search. According to his version, he and Sanders were sitting in the defendant's car trying to get it started when the officers approached and ordered them to get out. After searching Sanders, the officers walked around to the driver's side of the automobile and upon searching the defendant found the policy tickets which were introduced in evidence in this case. Defendant admitted that his automobile did not bear State license plates or a city vehicle sticker but insisted that the car had not been in operating order for several days.

Defendant's first contention is that his motion to suppress should have been sustained. With this we cannot agree. As has been pointed out many times before, our constitutional guaranty is not against all searches and seiz-

ures but only against unreasonable ones and does not extend to immunity from search upon lawful arrest. (*People* v. *West*, 15 Ill.2d 171; *People* v. *Tillman*, 1 Ill.2d 525; *People* v. *Barg*, 384 Ill. 172.) Where the arrest is justified, for whatever cause, the accompanying search is also justified. (*People* v. *Tabet*, 402 Ill. 93.) It is clear that, regardless of whether his automobile was in operating condition, defendant was required by law to register the vehicle with the Illinois Secretary of State, and upon his failure to do so was subject to arrest. (Ill. Rev. Stat. 1957, chap. 95½, pars. 3—801 to 3—812.) Since this violation was clearly apparent to the police officers and continued in their presence, they were justified in making the arrest and accompanying search without a warrant having previously been issued. (Ill. Rev. Stat. 1957, chap. 38, par. 657; *People* v. *McGowan*, 415 Ill. 375; *People* v. *McGurn*, 341 Ill. 632.) It is immaterial that such search revealed evidence of a different crime. *People* v. *Clark*, 9 Ill.2d 400.

Furthermore, the search was also justified as an incident to a lawful arrest for the wrongful possession of policy paraphernalia. Both the officers testified they observed Sanders hand a package of policy tickets to the defendant as they approached the defendant's automobile. Since the gist of the aforesaid crime is mere possession, the defendant at that moment was committing an offense in the presence of police officers, who were thus justified in making an arrest without a warrant and in seizing the contraband. (*People* v. *West*, 15 Ill.2d 171.) Although defendant denied that any policy paraphernalia was visible prior to the search of his person, the trial court evidently accepted the version testified to by the People's witnesses. In view of the superior opportunities afforded the trial court to observe the witnesses and determine their credibility, we find no basis for substituting our judgment or for saying that error was committed in this respect.

Defendant next insists the criminal court was without jurisdiction to enter a sentence upon count 1 of the indictment for the reason that the specific finding of guilt under count 2, without any finding being made as to the other count, amounted to an acquittal of the lesser charge. Such a contention is without merit. In *People* v. *Bybee,* 9 Ill.2d 214, the defendant was charged in counts I and IV with the crime of statutory rape but a finding of guilt was entered only as to the first count. Although it was there argued that the failure to enter a finding upon count IV amounted to an acquittal thereon, we rejected such contention and said: "It is true that where different counts charge separate and distinct crimes, a conviction upon only one count is equivalent to an acquittal of the others, (*People* v. *Potts,* 403 Ill. 398; *People* v. *Weil,* 243 Ill. 208,) but we know of no instance in which this court has extended the principle to counts charging the same crime. In fact, to do so would be an absurdity. We would in effect be saying that the inference of acquittal arising from the jury's silence was strong enough to overcome its express contrary finding. Such, of course, does not meet the test of common sense." The same logic is applicable to the present case. Here, count 1 charged the unlawful possession of policy paraphernalia and count 2 charged the same act of possession, plus a prior conviction for a similar offense. By entering a finding of guilt as to the latter count, the lower court necessarily concluded that Berry had in fact been in unlawful possession of policy paraphernalia as charged in the first count. Such a result was recognized by the trial judge when he indicated that, although in his opinion count 2 improperly charged a prior conviction, defendant still stood convicted of the crime of unlawful possession. Thus, any inference of acquittal which might have otherwise arisen was overcome by the court's express contrary determination. This being the case the

court had sufficient jurisdiction, after count 2 was nolle prossed, to enter a sentence for the lesser offense.

For the reasons stated, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*