(No. 36705.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT COLBY, Plaintiff in Error.

*Opinion filed March 22, 1963.*

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, (THOMAS R. EWALD, of counsel,) appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Albert Colby, was convicted, following a bench trial in the criminal court of Cook County, of the burglary of a store owned by Eleanor Busse, and sentenced to imprisonment for an indeterminate term of 5 to 8 years. This case comes to us on writ of error, with defendant contending that the court should have granted his motion for a finding of not guilty at the close of the People's case, and that he was convicted on the basis of remarks by a prosecution witness which were hearsay and hence incompetent.

Mrs. Busse, the owner and operator of a retail corset shop at 6622 South Halsted Street in Chicago, testified that she had been called by the police about 5 o'clock in the morning of September 10, 1960, and that she arrived at her shop about 6 A.M. On her arrival she observed a hole about 3 feet in diameter in the front window glass. A police officer was inside the store and she, in the presence of the officer, found about 50 boxes of hosiery missing from the shelf behind the cash register. She discovered the back door was open, the lock was broken on it and the iron bar door was broken with the lock open. She testified the hosiery found near the defendant at the time of his arrest was approximately the same amount and was the same brand which she carried in stock in the store. She

further identified the broken lock and a pair of pliers found in the store as being her property. On cross-examination, Mrs. Busse testified that while she could not positively identify the boxes of hosiery as being hers, they were of the same brand and in approximately the same amount that was missing. She further testified that she had left the store about one o'clock in the afternoon of the preceding day and that at that time the hosiery was on the shelf; that she customarily left $15 to $18 in cash in silver in the cash register at night and that, while she did not close up the store the previous evening, if there were no cash left in the cash register it would have been the first time in 13 years.

The arresting officer, a plainclothes detective, testified that about 4:20 in the morning of September 10, 1960, while he was on duty, he "received a call of a burglary in progress at 6422 Halsted." He and his partner answered the call and discovered there was no such address as 6422 Halsted but observed a steel bar door open and an inner door open while going down an alley next to 6622 Halsted. He and other officers coming from the opposite direction in another squad car parked facing each other, jumped out of the car and using flash lights discovered the defendant crouched in an alcove six to eight feet from the back door of the burglarized building. A large box containing 50 small boxes of hosiery was laying about 3 feet to the left of where the defendant was crouching with his pants down, but with no evidence of defecation or urination in the vicinity. The officers took the defendant and the large box into the store and there the arresting officer observed the hole in the window in the front of the store, and found a pair of pliers and the broken lock on the floor at the rear door. The defendant was taken to the district station, and a quantity of silver coins totaling $16.20 was found in his righthand coat pocket; this silver was admitted into evidence as a group exhibit. The officer further

testified that in the presence of two other officers at the station, he asked the defendant, "Where did you get all this change?", and the defendant said "You know where I got it". He also testified that the defendant denied that he got it in a burglary and denied having taken the money from the Busse store. On cross-examination the officer said that he had detected an odor of alcohol on the defendant's breath but did not know whether or not he had been drinking.

Upon the admission into evidence of the large box of hosiery found near the defendant, the silver coins found on the defendant's person and the broken lock and pliers, the People rested, and the defendant's motion for a finding of not guilty was denied.

The defendant testified that he left his home at 5 or 6 o'clock on the evening of September 9, 1960, after having had an argument with his wife and that before he left home he took the change in nickels and dimes out of a cigar box that he and his wife were using to put their savings in. He was drinking in three different taverns, and some time after midnight he left the last tavern and went back to 63rd and Halsted Street to catch a bus to go home. There was no bus coming so he started walking down Halsted and turned down the alley to find a place to go to the toilet and was in the alcove for that purpose when he was arrested. He denied breaking the window or entering the premises at 6622 South Halsted Street and denied removing anything from those premises.

The defendant's wife testified and corroborated the circumstances regarding the quarrel and his leaving the house the preceding evening, and further stated that she thought there was around $13 of her tip money, from her work as a waitress, in the cigar box which he took. She stated the silver was halves, quarters and dimes, mostly quarters and halves. The defendant had previously testified that only nickels and dimes were in the box.

The alleged hearsay testimony complained of by defendant appears to have been the officer's statement that he "received a call of a burglary in progress at 6422 Halsted"; no further details of this call were given. Considering the fact that the cause was heard by the trial judge, a jury having been waived, it is difficult to envision any prejudice to defendant as a result of the statement which actually was not responsive to the question and simply preceded a recital by the officer of his subsequent activities. In any event, the defendant is now precluded from complaint by reason of his failure to raise the question in the trial court by motion to strike or otherwise. *People* v. *Trefonas,* 9 Ill.2d 92, 98.

Nor can we agree with defendant's contention that his motion for a finding of not guilty, made at the conclusion of the People's case, should have been allowed. It is true that the prosecution relies here upon circumstantial evidence, but we have repeatedly held such evidence sufficient to convict if of a character which convinces the trier of fact of the defendant's guilt beyond a reasonable doubt, and that a verdict so grounded must be sustained. *People* v. *Hansen,* 5 Ill.2d 535, 540; *People* v. *Robinson,* 14 Ill.2d 325, 331.

Here the defendant is found at 4:30 A.M., crouched in a building alcove some six or eight feet from the rear door of a burglarized store from which only some fifty boxes of hosiery plus an undetermined amount of silver money have been stolen; he explains his presence by testifying he went into the alley to relieve himself. Hosiery of the same brand, and in the same amount taken (about 50 boxes) was laying three feet away from defendant; in his coat pocket was some $16 in silver coin, the amount which would normally have been in the store cash register at closing time. The presence of the silver is explained by defendant's testimony that he took the change, consisting of nickels and dimes, from a cigar box at home used for savings some ten or eleven hours earlier. His wife testifies the change in the

box was mostly halves and quarters. When first asked where he got the money, he told the arresting officer, "You know where I got it".

Where a cause is tried without a jury, the determination of the credibility of the witnesses and the weight to be accorded their testimony is committed to the trial judge, (*People* v. *West,* 15 Ill.2d 171, and cases there cited), and unless the finding of the trial court is based upon clearly insufficient evidence, a reviewing court will not substitute its judgment for that of the court below. (*People* v. *West,* 15 Ill.2d 171; *People* v. *Crenshaw,* 15 Ill.2d 458, 468.) We cannot say that the evidence here is clearly insufficient. The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*