(No. 42319.-)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHN ELLIS, Appellant.

*Opinion filed January 26, 1973.*

MITCHELL F. ASHER, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MARK T. ZUBOR, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

The defendant, John Ellis, was convicted in the circuit court of Cook County of the crime of armed robbery, and was sentenced to a term of not less than 25 years nor more than life imprisonment in the Illinois State Penitentiary. He is now on parole.

He urges as grounds for reversal of his conviction that: the evidence, leading to his arrest, which was admitted at his trial, was improperly seized; the evidence was insufficient to prove his guilt beyond a reasonable doubt; he was denied a hearing in mitigation; and the sentence was excessive.

It appears from the evidence that James Davis, then 72 years of age, was accosted by two persons while walking to work. He testified that a male person approached him from the rear on a narrow walk and grabbed

him around the neck; that simultaneously a person, later identified as the defendant, moved toward him from the front, grabbed him and stated, "It's a hold-up, get your hands up"; and that the assailants knocked him to the ground, slashed his throat, leaving a cut which required 100 stitches, and took his pistol and $7.00.

Approximately 10 days later, the defendant was riding in a car which was stopped for running a red light. Seven persons, including the defendant, were in the car, and the police ordered all of them out. A search of the car revealed a loaded revolver in the front seat, where the defendant had been riding. He told the police that the gun was his. A check disclosed that the gun was the one taken from James Davis, who was then brought to a police-station lineup of four persons. He identified the defendant as one of the assailants.

The defendant urges that the search of the automobile, after the minor traffic violation, was not justified, and that the resulting arrest because of the discovery of the gun and its admission into evidence were improper, and cites *People v. Watkins (1960), 19 Ill.2d 11, 19,* as authority for his contention.

In *Watkins,* we held that the mere arrest for a minor traffic violation does not, in itself, justify a search incident to the arrest. To the extent that *People v. Berry (1959), 17 Ill.2d 247,* and *People v. Clark (1956), 9 Ill.2d 400,* were in conflict with *Watkins,* they were overruled. We recognize the holding in *Watkins,* and are aware of other more recent decisions which hold that any search incident to a "routine traffic arrest" is, absent special circumstances, unreasonable. (*United States v. Robinson* (D.C. cir., Oct. 31, 1972) (en banc), 12 Crim. L. Rptr. 2105.) However, *Watkins* was decided in 1960 and in 1954 when the search of the car in this case took place, *Watkins* was not the law with respect to permissible searches. The law prior to *Watkins,* as set forth in *People v. Berry (1959), 17 Ill.2d 247, 251, People v. Clark (1956), 9 Ill.2d 400, 404,* and

*People v. Edge (1950), 406 Ill. 490, 496,* was that where the arrest is justified, for whatever cause, the accompanying search is also justified. Thus, under the law at the time the defendant and six other persons were arrested for a traffic violation, a search of the persons as traffic violators and a search of their car was permissible. *People v. Tabet (1948), 402 Ill. 93, 100-101; People v. Brown (1933), 354 Ill. 480, 484-485; Carroll v. United States (1925), 267 U.S. 132, 155-160, 69 L. Ed. 543, 552, 45 S. Ct. 280, 286-288.*

In 1960, when this court, in *Watkins,* overruled *Berry* and *Clark,* it impliedly recognized the vitality of the former case law until that date. Also see: *Desist v. United States (1969), 394 U.S. 244, 247-250; 22 L. Ed. 2d 248, 254-255, 89 S. Ct. 1030.*

The United States Supreme Court has, in a number of cases, considered the question of when a new pronouncement of a constitutional standard regarding permissible searches is to be given effect. The court has recognized that in pronouncing a new constitutional standard it is not required to, nor prohibited from, applying the decision retrospectively. Particularly, with regard to a new pronouncement or standard for testing the constitutional prohibition against unreasonable searches and seizures, three criteria are relevant for determining the retroactivity of the new standard: the purpose to be served by it; the extent of reliance by law-enforcement authorities on the existing standards; and the effect on the administration of justice of a retroactive application of the new standard. *Desist v. United States (1969), 394 U.S. 244, 249-253, 22 L. Ed. 2d 248, 255-257, 89 S. Ct. 1030; Linkletter v. Walker (1965), 381 U.S. 618, 629, 639-640, 14 L. Ed. 2d 601, 608, 614, 85 S. Ct. 1731.*

The prohibition against illegally seized evidence is not founded upon the belief that such evidence leads to unreliable results in a trial. Its purpose is to deter official invasion of constitutionally protected privacy, and to effectively deter illegal police action. This purpose is not

thwarted by subsequently refusing to apply the new standard to conduct of police officers permissible at the time, or by testing their conduct by the rules on which they undoubtedly relied at the time. Additionally, it is apparent that permitting a retrial of this case, long after the commission of the armed robbery involving a victim who was 72 years of age at the time, would not further the administration of justice. A recitation of the circumstances under consideration persuasively states, in part, the rationale supporting the impropriety of the retroactive application of the standard urged herein. *Williams v. United States (1971), 401 U.S. 646, 653-656, 28 L. Ed. 2d 388, 395-397, 91 S. Ct. 1148; Desist v. United States (1969), 394 U.S. 244, 249-253, 22 L. Ed. 2d 248, 255-257, 89 S. Ct. 1030; People v. Wilson (1970), 46 Ill.2d 376, 382-383.*

We find no merit in the contention that the evidence was insufficient to prove the defendant's guilt beyond a reasonable doubt. The victim stood face-to-face with the defendant at the time of the armed robbery, and he identified him at a lineup and at the trial. The evidence established that the gun, which defendant claimed as his, was the one taken from the victim, Davis. The jury heard and saw the witnesses; its determination of their credibility and the question of the guilt of the defendant should not be lightly set aside; and we find no reason to do so. *People v. Sullivan (1970), 46 Ill.2d 399, 401; People v. Morehead (1970), 45 Ill.2d 326, 329-330.*

The defendant complains that he was denied a hearing in mitigation. It appears from the record that no evidence was heard relative to the imposition of sentence. Counsel for the defendant did, however, argue on behalf of the defendant to mitigate the sentence. The trial judge continued the matter for one week after his first consideration of the question of sentencing. At the second hearing, counsel again argued in mitigation and discussed the facts which he deemed important. The sentence was imposed only after extensive arguments were made on behalf of the

defendant, but without the introduction of additional evidence on this issue of mitigation. The failure of the defense to present any evidence in this respect must, under these circumstances, be deemed a waiver of his right to do so. *People v. Nelson (1968), 41 Ill.2d 364, 366-368; People v. Muniz (1964), 31 Ill.2d 130, 138-139.*

The sentence in this case was severe. The judge was undoubtedly moved by the brutal slashing of the victim's throat. However, the defendant has been granted parole and we also take this fact into consideration in refusing to alter the sentence imposed within the statutory limits. See: *People v. Bonner (1967), 37 Ill.2d 553, 563; People v. Taylor (1965), 33 Ill.2d 417, 424.* For the foregoing reasons, the judgment in this case should be affirmed.

*Judgment affirmed.*