(No. 34855.—▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD McINTYRE, Plaintiff in Error.

*Opinion filed November 26, 1958—Rehearing denied Jan. 22, 1959.*

MYER H. GLADSTONE, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JAMES E. BALES, State's Attorney, of Dixon, (FRED G. LEACH, and LOUIS B. SUNDERLAND, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Donald Patrick McIntyre, referred to herein as defendant, was convicted of the crime of bookmaking in the county court of Lee County and has sued out a writ of error from this court to review the judgment of conviction.

The record shows that at the time of defendant's arrest certain articles, including racing form sheets, a parlay manual, a "hands free" telephone with a loud speaker attachment and $511 in currency, were seized by the arresting officers. The officers had a search warrant purporting to authorize the search of defendant's premises. At the trial these articles were admitted in evidence over defendant's objection that the complaint for the search warrant, the warrant itself, and the search of the premises were illegal. The only question presented on this writ of error is whether the articles were properly taken and properly admitted in evidence.

Defendant argues in his brief that the verified complaint for the search warrant was insufficient as a matter of law and that therefore the warrant should not have issued. It is also argued that the warrant itself was insufficient to authorize the search of defendant's premises. In the view

which we take of this case we find it unnecessary to consider the alleged deficiencies of the complaint and the warrant. It is well established that the constitutional prohibition against unlawful searches and seizures does not prevent all searches, but only those which are unreasonable. (*People* v. *Clark,* 9 Ill.2d 400.) It is likewise well established that no warrant is required where the search is an incident to a valid arrest. (*United States* v. *Rabinowitz,* 339 U.S. 56, 94 L. ed. 653; *People* v. *La Bostrie,* 14 Ill.2d 617.) The evidence in the present case shows that one Robert Bales, a State investigator, entered a public tavern known as Lloyd's Tap and went down into the basement of the premises where he saw several persons sitting around a table with racing forms in front of them. Bales testified at the trial that he placed a $10 bet on a certain horse and McIntyre made a record of this bet on a sheet which was a part of what is commonly called the "book" in which a record is kept of all bets and all money taken in and paid out. Bales left and went back to the police station where he signed a complaint for a search warrant and procured the issuance of a warrant. The warrant was placed in the hands of the chief of police for execution. Bales went back to defendant's premises and the officer followed him shortly thereafter. When Bales returned, he placed another bet with defendant. Defendant did not have time to record this bet because the chief of police and other officers arrived while he was in the process of doing so and defendant dropped the pencil he was using. The police chief testified at the trial that he and other officers entered the defendant's premises through an open door and on his arrival he saw seven persons sitting around a table with racing forms in front of them. He saw the racing forms, scratch sheets, and some currency on the table and saw Bales in the process of placing a bet with defendant. He then confiscated the various items and arrested defendant.

A valid arrest may be made by an officer or a private person without a warrant for a criminal offense committed or attempted in his presence. The term "criminal offense" includes misdemeanors as well as felonies. (*People* v. *Clark,* 9 Ill.2d 400.) It is apparent from the testimony that when the police chief entered the premises the criminal offense of keeping a book for the registration of bets was being committed in his presence. He therefore had a right to arrest defendant without a warrant and, having arrested him, had a right to search the immediate premises and the defendant's person and seize any evidence which was found on that search.

Since the articles in question were properly obtained as an incident to defendant's arrest it follows that they were properly admitted in evidence, regardless of whether the search warrant was in proper form. The judgment of the county court of Lee County is therefore affirmed.

*Judgment affirmed.*