People of the State of Illinois, Plaintiff-Appellee, v. LaMonte DeGrea (Impleaded), Defendant-Appellant.

Gen. No. 51,957.

First District, Third Division.

March 20, 1969.

---

* See Committee Comments to section 6–2(b) Ill Rev Stats 1961, c 38.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Chester P. Majewski and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, LaMonte DeGrea, was indicted with Levi Robinson for the crime of armed robbery. Robinson pleaded guilty, DeGrea not guilty. DeGrea waived a jury, was tried by the court, found guilty of robbery and sentenced to the penitentiary for a term of two to five years. He contends that the evidence of his participation in the robbery was insufficient to prove him guilty beyond a reasonable doubt.

Robinson, who received a like sentence, was a witness for DeGrea. They both testified that about 5:30 p. m. on March 21, 1966, DeGrea, accompanied by Robinson, entered a store on Maxwell Street, Chicago, to buy a pair of shoes. After DeGrea selected a pair, Robinson, without the prior knowledge of DeGrea, impulsively pulled a gun from his pocket and told the proprietor that it was a "stickup." While DeGrea did nothing, Robinson emptied the cash register, ordered the proprietor to the back of the store, had him lie down and struck him over the head with the gun which had been purchased by DeGrea earlier

that day. DeGrea then left the store and Robinson followed soon thereafter. As they crossed Maxwell Street, the proprietor came out the door yelling "robbery." A police officer, who was on the far side of the street, heard the yelling, confronted them and placed them under arrest. A fully-loaded gun and the store owner's watch and money were found on Robinson.

The victim of the robbery told a different story. He testified that DeGrea ordered a pair of shoes without trying them on and, as he was wrapping them up, DeGrea and Robinson came around the counter. Robinson put a gun against him and DeGrea pushed him. One of them said, "give me your money." He opened the cash register and Robinson emptied it while DeGrea pushed him again. They both told him to go to the back; DeGrea followed him there while Robinson looked through his papers. Robinson came to the rear a couple of seconds later and beat him with the gun. He was hit four to seven times on the head. Although he was wet with blood he was not unconscious and when the men left he chased after them, shouting that he had been robbed.

The arresting officer testified that he was directly across the street from the shoe store. He heard shouts of "robbery, robbery" and saw two men coming close to where he was standing; Robinson was in the lead and DeGrea was behind him. He stopped them just as they emerged from between two merchant stalls on his side of the street, and as he did so the bleeding store owner ran over crying repeatedly, "I have been robbed." The owner warned him that Robinson had a gun, so he swung the men around and searched them. He said he questioned them at the police station and that DeGrea as well as Robinson admitted the robbery.

An investigating officer also talked to them at the station. He testified that he asked DeGrea whether they had held up the shoe store and DeGrea said they

had, but that it was Robinson's idea. DeGrea said that he was sorry that the owner of the store had been beaten.

■ The State's evidence, if believed by the trier of the facts, was more than sufficient to prove that De Grea was an active participant in the robbery. This evidence showed that his negotiations to purchase a pair of shoes was but a ruse and that he and Robinson shared a common design to rob the storekeeper. He was not an innocent bystander taken by surprise nor was he a mere accessory. He was a principal whose affirmative acts aided Robinson in the perpetration of the crime.

■■ The very minor testimonial discrepancies of the store owner did not destroy his credibility, as the defendant argues, but only went to the weight of his testimony. People v. Cooper, 69 Ill App2d 18, 216 NE2d 168 (1966). In a nonjury trial the weight and credence to be given a witness's testimony is for the trial court's determination. Where the guilt or innocence of a defendant depends upon the credibility of conflicting testimony, the factual conclusions of the court will not be disturbed on review. People v. Vail, 74 Ill App2d 308, 221 NE2d 165 (1966); People v. Valentine, 60 Ill App2d 339, 208 NE 2d 595 (1965).

The judgment of conviction is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.