(No. 40217.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THOMAS BAMBULAS, Appellant.

*Opinion filed March 27, 1969.—Rehearing denied June 18, 1969.*

WARD, J., took no part.

BELLOWS, BELLOWS & MAGIDSON, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and THEODORE A. SCHAPERO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Thomas Bambulas, was tried by jury in the circuit court of Cook County and convicted of the crime of theft for which he was sentenced to the penitentiary for a term of not less than five nor more than ten years. He has appealed to this court and a substantial constitutional question gives us jurisdiction on direct appeal.

The defendant's constitutional claim is that evidence obtained by an unreasonable and illegal search without an

arrest or search warrant was admitted in evidence against him. The facts relating to the search and the events preceding it are as follows: Police Officer Donald Murray testified that prior to May 30, 1965, he had had two conversations with an unnamed informer. One of these conversations resulted in the arrest and indictment of Robert Hanahan. At the time of the defendant's trial Hanahan had not been tried. In the other conversation the informant told him that the owner of a house at 4310 South Keating in Chicago was receiving stolen merchandise and that the merchandise consisted of some electric knives and some radios. Acting upon this information, the police placed the house under surveillance. They never saw any such merchandise delivered to the house and never applied for a search warrant. In the eventual search of the house which is involved in this case, no knives or radios were discovered. The house remained under surveillance from May 30 until June 18. During this period Officer Murray received an official bulletin advising of a burglary at a warehouse of the Sony Corporation, in which television sets and radios had been stolen, and listing the serial numbers and model numbers of the stolen merchandise. On the 13th or 14th day of June, the informer told Officer Murray that some Sony television sets and radios which had been stolen in the burglary would be delivered to the Keating address and that he thought the delivery was going to be made on the 17th. On the 17th the officer received word that the informant had called the station and requested the officer to call him back. The officer testified that this was a pre-arranged code which advised him that the delivery was not going to be made on the 17th. On the 18th of June, while the officer was in a parked car about 100 feet from the Keating address, he saw a panel truck bearing the name "United Vending Company, Berwyn, Illinois," drive past his car and stop in front of the house. He identified the defendant as the driver of the truck. The officer continued his observation with binoculars and

saw several men come out to the truck from the vicinity of the house where they started to unload the truck. The officer testified that he saw a number of cartons in the truck and that they appeared to have the name "Sony" on them. The officer and other police officers who were stationed in the vicinity then closed in on the house and arrested the defendant and five other men, and seized seventy-six Sony television sets and fifty Sony radios, which were later identified by an officer of Sony as part of the proceeds of the Sony burglary.

With this factual background, we must decide whether the search violated the constitutional provisions against unreasonable searches and seizures. As usual in such cases, the law is well settled and the difficulty is in applying the law to the facts. The constitution does not prohibit all searches and seizures, but only those which are unreasonable and without probable cause. (*People* v. *Brown,* 38 Ill.2d 353.) A search without a search warrant may be valid if incident to a lawful arrest (*People* v. *Davis,* 34 Ill.2d 38) and a lawful arrest may be made without an arrest warrant if the officers making the arrest had probable cause to make it. (*Beck* v. *Ohio,* 379 U.S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223.) The test of probable cause is whether a reasonable and prudent man in possession of the knowledge which has come to the arresting officer would believe the person to be arrested is guilty of the crime. (*People* v. *Macias,* 39 Ill.2d 208, 213.) Probable cause may be based upon information supplied by an informant if the reliability of the informant has been previously established or independently corroborated. (*People* v. *McClellan,* 34 Ill.2d 572, 574.) However, mere suspicion, common rumor, or report do not afford probable cause for arrest. *People* v. *Jones,* 31 Ill.2d 42, 47.

There is no need here to consider whether the informer was proven reliable for, without regard to whether a police officer has received information from an informer, an arrest

may be made when the arresting officer has reasonable grounds to believe that the person arrested has committed a felony. (*People* v. *Rossolille,* 38 Ill.2d 316, 320.) In *People* v. *McCracken,* 30 Ill.2d 425, the arresting officer had knowledge that a series of burglaries had occurred in a certain area. As he and his partner were patrolling the area they saw the defendant emerge from an alley, carrying a bundle. The defendant fled when he saw the police, but was overtaken, arrested, and searched. This court upheld the search on the grounds that the officer had reasonable grounds for believing that the defendant had committed a felony. Here, the arresting officers had knowledge through official police channels that a burglary had occurred in which Sony equipment was stolen and they saw a truck bearing a name other than "Sony" delivering a large quantity of Sony equipment to a residence at 8:30 P.M. In the light of the officers' knowledge and their observation, they had reasonable grounds for believing that the defendant had committed a felony and the arrest and search were lawful.

Defendant also argues that the evidence was insufficient to establish his guilt. He admits that stolen property was being moved into the house from the truck and admits that he was arrested at the scene, but argues that he was an innocent bystander on his way home from work, and was attracted to the premises by the confusion. Defendant was identified as the driver of the truck and was seen reaching into the truck after it had stopped. Although defendant attacks the identification testimony on the grounds of inadequate lighting, inadequate opportunity to observe, and alleged discrepancies in the testimony, we think it is clear that these matters involved only a question of credibility, which was for the jury to determine. Defendant also makes much of the fact that he was first seen with a hat and gloves, but was not wearing these items when he arrived at the police station. This fact was brought out before the jury and

again only raises a question of credibility. We are of the opinion that the evidence was sufficient to establish defendant's guilt.

In rebuttal, for the purpose of impeaching Sam Martin, a defense witness, the State offered a certified copy of a judgment of conviction showing that a Sam Martin had been convicted of armed robbery. The defendant objected on the ground that there was no proof that the witness was the same person as the Sam Martin named in the copy of the judgment, but the court overruled the objection. It has long been settled in this State that where the name of the witness is the same as the name of the person convicted, the record is admissible without first identifying the witness as the person convicted, since that fact will be presumed. (*People* v. *Buford,* 396 Ill. 158; *People* v. *Lawson,* 331 Ill. 380, 392.) Defendant recognizes this rule but urges us to overrule these cases. We are satisfied that the rule is correct and we adhere to it. The trial court did not err in admitting the exhibit without proof of identity.

The defendant further argues that the court permitted the State to introduce improper evidence as to the reputation of the witness, Sam Martin. A police officer testified that he had talked to some of Martin's friends, but had not talked to any of his employers, business associates or neighbors. The prosecutor expressed surprise at this testimony and a hearing was held outside the presence of the jury. The judge stated that he would sustain an objection to further inquiry as to Martin's reputation. Thereafter, in the presence of the jury, the prosecutor asked if the officer knew the reputation of Martin for truth and veracity; defendant's counsel objected, the court sustained the objection and, on counsel's motion, ordered the testimony stricken. The officer did not establish that he had the requisite knowledge to give an opinion as to Martin's reputation and the judge correctly ruled that he could not testify on this question. The prosecutor should not have insisted on asking the question, know-

ing that the court would sustain an objection thereto, but the error could not have affected the outcome of this case.

The defendant's final contention is that the prosecutor's argument was prejudicial. Much of the argument now under attack was not objected to in the trial court and will not be considered here. (*People* v. *Winters*, 29 Ill.2d 74, 80.) The only remark which was objected to was the prosecutor's statement that "We would not put a case before you unless it was a strong case." In response to the objection the court stated, "I didn't hear the remark. The jury will follow the evidence in the case." The argument was not of such a nature as to deprive the defendant of a fair trial.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.