**People of the State of Illinois, Plaintiff-Appellee, v. Billy T. Scott, Defendant-Appellant.**

**Gen. No. 52,903.**

First District, First Division.

October 27, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Justine I. Knipper and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Defendant, Billy T. Scott, seeks reversal of his conviction for burglary in a bench trial for which offense he was sentenced to a term of three to seven years in the penitentiary. The defendant contends that the evidence failed to prove him guilty beyond a reasonable doubt and that the trial judge abused his discretion in denying defendant's petition for probation.

The testimony revealed that on Friday, January 27, 1967, Mr. Jacob Cohen received a phone call that his store, located at 3608 West 16th Street in Chicago, had been burglarized. He arrived at the store at 4:00 o'clock in the afternoon to discover the rear door had been broken down. Inside he observed two police officers and a number of individuals who had been arrested for looting this store. The arrest procedure was finished by 5:30 p. m., when the officers and prisoners left the premises to walk to the police station due to the heavy snowfall in the Chicago area on that day. Mr. Cohen stated that after the police left, he secured the broken rear door and tried to straighten up the store. At this time, Mr. Cohen heard noises, pulled his gun and began to search the rafters of the store. He then paused and heard another noise coming from a wooden counter located in the middle of the store. This counter was about four feet high with a platform on the bottom used to store merchandise. Mr. Cohen then saw a man, the defendant Billy T. Scott, and exclaimed, "Don't move." When the defendant moved towards him, Mr. Cohen fired a shot into the floor and then handcuffed the defendant. At all

times the lighting in the store was operating. Mr. Cohen then summoned the police.

Arthur Jackson and Alfred Bouey, Chicago Police Officers, testified concerning the arrests made in the early afternoon and the arrest of the defendant later that same evening. Initially, the officers arrived at 2:15 p. m. at Cohen's store and observed 25 to 30 people looting the store. They announced their office and were able to capture a number of individuals within the store, with the remainder eluding the police. These same officers responded to Cohen's phone call that evening when the defendant was apprehended in the store. Officer Jackson further stated that he and his partner were unable to conduct a thorough search of the premises on their first visit to Cohen's store.

The defendant testified that he left his house at 8:20 p. m. to go to a barbershop at 3511 West 16th Street. He stated further that upon approaching Cohen's store, he noticed police officers chasing people on the street; that one officer passed within two feet of him; that he feared being arrested so he entered Cohen's store, where he was apprehended by Mr. Cohen after being in the establishment only about two seconds; and that he kneeled at the counter to hide from the police after walking through the open front door.

In rebuttal, Officer Jackson, stated there was no barbershop on that block, and that the address of 3511 West 16th Street was a food mart. On cross-examination, he testified that a barbershop was located at 3524 West 16th Street, but that it was closed on the day in question.

Defendant asserts that the evidence was insufficient to prove him guilty beyond a reasonable doubt. Specifically, the contention is made that no proof of intent was established to sustain this conviction since defendant contends that Mr. Cohen's testimony was inconsistent and that only his testimony was available to prove that ele-

ment of the crime. Defendant's brief emphasizes that Mr. Cohen was not sure of the extent of his loss from the burglary; that he testified that no merchandise remained in the store but was contradicted by Officer Bouey, who said that some merchandise was scattered in the premises; and that Mr. Cohen was not clear as to the means used to summon the police when the defendant was apprehended. Defendant's theory relies upon the case of People v. Hutchinson, 50 Ill App2d 238, 200 NE 2d 416 (1964), where this court stated that if "there are enough 'inconsistent circumstances' here to negate the inference of an intent to commit larceny" the conviction will not be proven beyond a reasonable doubt.

■ We are of the opinion that defendant's guilt was proven beyond a reasonable doubt. The law is clear that intent may be proven circumstantially by way of inference from the proven facts and circumstances. People v. Niksic, 385 Ill 479, 53 NE2d 400 (1944); People v. Hutchinson, supra. In People v. Johnson, 28 Ill2d 441, 192 NE2d 864 (1963), our Supreme Court stated at page 443:

> "Intent must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment. We are of the opinion that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary."

■ ■ We do not agree with defendant's argument that the alleged inconsistencies in Cohen's testimony make his statements unreliable and incapable of belief. In order for a reviewing court to disturb a trial court's judgment in a nonjury trial, the record must show that the evidence was clearly unsatisfactory and improbable so

that a reasonable doubt of defendant's guilt exists. People v. DeGrea, 107 Ill App2d 301, 247 NE2d 38 (1969); People v. Cooper, 69 Ill App2d 18, 216 NE2d 168 (1966). We are of the opinion that the evidence cannot be characterized in those terms, but rather that the record supports an inference of intent to commit the crime charged.

 The defendant also contends that the trial court abused its discretion in denying his application for probation and that the sentence imposed was excessive. During the hearing on aggravation and mitigation, the trial court considered the defendant's record and also took note of the blizzard which had paralyzed this city during this period of time. Counsel for defendant claims this was erroneously prejudicial. We do not agree. In People v. Crews, 38 Ill2d 331, 231 NE2d 451 (1967), the Supreme Court acknowledged, at page 337, that in a hearing on aggravation and mitigation the court may "consider all available and pertinent information concerning the person and the crime, so as to enable him to impose a punishment which is appropriate." The same rule applies in considering an application for probation. People v. Brown, 392 Ill 519, 64 NE2d 739 (1946). A reviewing court will not disturb a sentence where the punishment is within statutory limits unless the sentence clearly constitutes a great departure from the spirit and purpose of the law or the penalty is manifestly violative of the requirement that punishment shall be proportioned to the nature of the offense.

We find that the trial court properly considered the facts and circumstances in denying probation and imposing sentence upon this defendant. The record does not warrant a finding that the trial court abused its discretion, nor are we persuaded after reviewing the record that the evidence shows only that it was a simple trespass and not burglary.

Therefore, we affirm the judgment of conviction and sentence imposed by the Circuit Court of Cook County.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.