THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ADAM BATTISTE, Defendant-Appellant.

(No. 53466;

First District—May 6, 1971.

James J. McCarthy, of Chicago, for the appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Brent F. Carlson, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Adam Battiste was convicted by the Circuit Court sitting without a jury of the offense of unlawful use of weapons (Ill. Rev. Stat. 1967, ch. 38, par. 24—1 (a) (4) ). Defendant appeals here asserting that his timely motion to suppress the evidence was denied; that the proof offered by the State did not conform to its theory of the case; that the arrest of defendant, to which a search was incident, was invalid due to the subsequent declaration by a Federal District Court that the Municipal Ordinance under which defendant was charged was unconstitutional; and that the trial court improperly denied defendant's petition under Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 72). Alternately, defendant urges that the complaint failed to state an offense in statutory language, does not state the offense for which proof was offered, and is so confused in content that his defense to the action was thereby prejudiced.

We affirm.

The relevant facts are as follows: At 1:30 A.M. on December 31, 1967, Officer Guarnieri and two partners were in the Sears Lounge to make a routine check of the premises. While Officer Guarnieri was conversing with the bartender, defendant, with a friend, Bey, entered the Lounge to use a telephone. When defendant found the phone booth occupied by George Rose, he began to shout and rock it in such a manner as to cause a small Christmas tree atop to tumble to the floor. At that point Rose stepped out of the phone booth and was joined by his friend, Dillon. An altercation ensued between Dillon, Rose, Bey and defendant, at which time Officer Guarnieri arrested the parties for disorderly conduct and charged them under the Chicago Municipal Code, Ch. 193, § 1. A search of the defendant incident to the arrest uncovered a snub-nosed revolver concealed in defendant's rear pocket which was offered into evidence in the case appealed from.

■■ Defendant raises the issue of the legality of the disorderly conduct arrest. In so doing he asserts, first, that the evidence adduced before the trial court demonstrated that no probable cause existed for the disorderly conduct arrest. In so doing he asserts, first, that the evidence adduced before the trial court demonstrated that no probable cause existed for the disorderly conduct arrest. We cannot agree. An arrest "is proper when an officer has 'reasonable grounds to believe that (a person) * * * is committing or has committed an offense.'" (Ill. Rev. Stat. 1967, ch. 38, par. 107—2 (c).) All circumstances under which a person was arrested must be taken into consideration in determining whether an officer had reasonable grounds to believe the person arrested had committed an offense. (*People v. Hester* (1968), 39 Ill.2d 489, 237 N.E.2d

466, *cert. granted* 394 U.S. 957 dismissed 397 U.S. 660 (1969)). The fact that the incident took place in the early hours of New Year's Eve, the number of people present when the incident occurred, and defendant's actions described above lend credence to the people's allegation that Officer Guarnieri had reasonable grounds to believe an offense was being committed. When considering such a matter, we must be cognizant of the responsibility of the police to act quickly to prevent crime and avoid further disturbance, commotion or injury. (*People v. Mills* (1968), 98 Ill.App.2d 248, 240 N.E.2d 302.) The fact that defendant's witnesses, while denying that there was a disturbance, admitted to hearing what they thought was a gun shot could be interpreted as evidence that there was a disturbance (i.e., a loud noise). Such determinations are to be made by the trier of fact, and we cannot find, as a matter of law, such paucity of evidence of reasonable grounds as to reverse this case.

Defendant, secondly, questions the legality of the arrest by raising the fact that the disorderly conduct ordinance in effect at the time defendant was arrested was declared unconstitutional in a subsequent Federal District Court case which was litigated prior to defendant's trial. *Landry, et al., v. Daley, et al.* (1968), U.S.D.C., N.O., Ill., E.D., 280 F.Supp. 938 (1968).

Defendant advances the novel argument that it would be unconscionable to permit the conviction of defendant to stand in that its sole legitimization is based upon an arrest supported by probable cause emanating from an unconstitutional municipal ordinance. We cannot accept the defendant's argument. We must distinguish between the question of whether an ordinance or law proscribing certain conduct is stated in language specific enough to meet the requirements of the constitution, and the separate question of whether a police officer has reasonable grounds to believe that such conduct was indulged in.

■■ The validity of an arrest without a warrant has always been predicated upon a police officer having reasonable grounds to believe that an offense was or is being committed. We have stated that the quantum of proof necessary to establish these reasonable grounds is less than proof beyond a reasonable doubt, and that the question of a defendant's subsequent conviction is not determinative of the question of the validity of his arrest. *People v. Ambrose* (1967), 84 Ill.App.2d 128, 228 N.E.2d 517.

■■ We have also been mindful of the fact that the police officer acts within the context of everyday occurrences and is not presumed to be a legal technician. (*People v. Hester, supra; People v. Accardi* (1965), 58 Ill.App.2d 364, 208 N.E.2d 43; *People v. Pitts* (1962), 26 Ill.2d 395, 186 N.E.2d 357; *Brinegar v. United States* (1948), 338 U.S. 160.) As we

stated above, Officer Guarnieri had reasonable grounds to believe that an offense was being committed. The instant case does not present an issue as to the constitutionality of the offense for which defendant was initially arrested (i.e., disorderly conduct), and we cannot say that when a specific ordinance is declared unconstitutional by a Federal District Court, all arrests pursuant to it are illegal. Thus, because the arrest was valid, evidence obtained incident to it was properly admitted.

We might note one further weakness in the defendant's argument of this issue. Defendant assumes that we are bound by the Federal District Court's ruling in *Landry v. Daley, supra.* However, the correct principle of law on this point was recently articulated in *United States ex rel. Lawrence v. Woods* (7th Cir. 1970), 432 F.2d 1072 at page 1075.

> "The Supreme Court of the United States has appellate jurisdiction over federal questions arising either in state or federal proceedings, and by reason of the supremacy clause the decisions of that court on national law have binding effect on all lower courts whether state or federal. On the other hand, because lower federal courts exercise no appellate jurisdiction over state tribunals, decisions of lower federal courts are not conclusive on state courts."

Therefore, it can be seen that we are not bound by the District Court's determination of the unconstitutionality of the disorderly conduct ordinance, and even if this court were to find that it was unconstitutional, the fact of its unconstitutionality is not determinative of the legality of an arrest made pursuant to it.

Defendant next argues that the proof offered by the State failed to conform to its stated theory of the case. We reiterate that we do not find, as a matter of law, that insufficient evidence of a disturbance was presented at trial. It is up to the trier of fact to weigh the credibility of such evidence, and we will only upset his finding when the evidence appears so unsatisfactory, improbable, unreasonable, or so palpably contrary to the evidence as to require the raising of a reasonable doubt of the defendant's guilt. *People v. Scott* (1969), 116 Ill.App.2d 103, 253 N.E.2d 614.

■■ Defendant further contends that the trial court's denial of defendant's petition to re-open under Section 72 of the Civil Practice Act deprived the court of evidence, discovered by the defense after trial, but known to the prosecution at trial, which would have altered the court's decision.

Defendant based his Section 72 petition upon the allegation that George Rose, at the time the disturbance took place, was in the employ of the Chicago Police Department. The law applicable clearly establishes

that such a petition is available in a criminal case, but is limited to bringing before the court "errors of fact of such magnitude as would have prevented the rendition of the judgment * * *. It is also available where the defendant has been deprived of a defense which he would have used at the trial and which, if known to the court, would have prevented conviction * * *" *People v. Bishop* (1953), 1 Ill.2d 60, 62, 114 N.E.2d 566. Defendant's petition does not so qualify, and the trial court acted within its lawful discretion in denying it. Defendant fails to convince this court that Rose's employment would have had any bearing upon the fact that he was the object of a disturbance initiated by defendant. Neither can we see where this new knowledge would impart to the defendant a credible defense, not raised at trial.

Finally, we find that the alleged defect in the complaint was non-prejudicial. The complaint charged that defendant:

"* * * committed the offense of Unlawful Use of Weapon in that he knowingly carried concealed on and his person *in a tavern* a 32 cal. revolver serial number AD 21400 in violation of Chapter 38, Section 24—1A4 * * *." (Emphasis added)

Ill. Rev. (1967) Ch. 38, § 24—1 (a) (4) states:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

(4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm; * * *."

Ill. Rev. Stat. (1967) Ch. 38, § 24—1 (a) (8) states:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

(8) Carries or possesses any firearm or other deadly weapon in any place which is licensed to sell intoxicating beverages, * * *."

We can see from the facts of this case that defendant could have been charged under either section. However, Section 24—1 (a) (4) is specifically referred to in the complaint.

We do not require a complaint to be worded in the precise language of the offense with which a defendant is charged. (*People v. Lloyd* (1922), 304 Ill. 23, 136 N.E. 505.) We require only that it enable the defendant to prepare his defense and that it be specific enough to appraise him, with reasonable certainty, of the offense with which he is charged. These tests are met in the present case, and, thus, the complaint is sufficient.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.