THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FLOYD SINGLETON, Defendant-Appellant.

(No. 57898;

First District (2nd Division)—December 11, 1973.

STAMOS, P. J., took no part.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

PER CURIAM:

The defendant, Floyd Singleton, was charged with the offense of possession of marijuana in that he knowingly did and unlawfully have in his possession and under his control a quantity of *cannabis sativa*, commonly known as marijuana, in violation of section 704 of the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, par. 704). After a bench trial, the defendant was found guilty and sentenced to one year in the House of Correction.

The sole issue on appeal is whether the trial court properly denied the defendant's motion to suppress the evidence.

At the hearing on defendant's motion to suppress, Police Officer John Beach testified that prior to June 8, 1972, he had been investigating narcotics activity at Harlan High School, 9648 S. Michigan Avenue, Chicago, in connection with his assignment as a youth officer. Beach had been observing the defendant and the Good Humor Ice Cream truck from which he worked for four or five weeks and over that period he had received a half-dozen reports that the defendant was selling marijuana from the truck.

On June 8, 1972, Beach sent an informant to the defendant's truck to investigate the purported sales of marijuana. Beach had received information from this informant on four previous occasions. He had acted upon this information and had retrieved contraband on all four occasions. Incident to the information provided and the retrieval of contraband, four arrests and subsequent convictions had resulted.

The informant, acting upon instructions given by Beach, approached the truck and stood close to it to determine if purchases of anything other than the ice cream were being made. From a vantage point inside

the school, Beach could see the informant as he approached the truck and mingled with a group of young people who were standing around the truck. The informant went to the window of the truck and stood there for three or four minutes.

When the informant returned, he told Beach that marijuana was being sold from the truck; that he saw the defendant sell an envelope while the informant was standing at the window; and that the bulk of the contraband was in a white bag in an overhead compartment above the driver's seat, which bag was visible from the street.

Beach called for an assist car and proceeded to the location of the truck. As he approached the truck, Beach was able to see the white bag himself, from his vantage point on the street. Beach approached the defendant and asked him to step from the truck. With the assistance of Police Officer Arm, the defendant was placed under arrest. Seventeen bags of marijuana in a white Good Humor bag were retrieved from the overhead compartment of the truck. A search of the defendant's person resulted in the recovery of an additional smaller packet of marijuana.

The defendant's motion to suppress evidence was denied. At the trial, Beach testified that the laboratory analysis established the substances in both the large bag and the smaller packet taken from the defendant were marijuana. The defendant did not present any evidence.

The defendant argues that a person may be arrested without a warrant only when the arresting officer has reasonable grounds to believe that the person is committing or had committed an offense; that a warrantless arrest may be made only where the totality of the facts and circumstances justify the arresting officer in believing that the defendant is the offender; and that in the case at bar, the arresting officer did not have the requisite probable cause to arrest the defendant. The People contend that the arrest of the defendant was based upon probable cause; that the evidence relating to that arrest was properly obtained; and that the trial court properly denied the motion to suppress.

■■ In *People v. Marino,* 44 Ill.2d 562, 256 N.E.2d 770, the court held that an arrest may be made by a police officer without a warrant when he has reasonable grounds for believing that the person to be arrested was committing, has committed or is in the process of committing a crime; that whether reasonable grounds exist depends upon the totality of the facts and circumstances of the arrest and such determination must be made upon practical considerations of everyday life upon which reasonable and prudent men must act; that while probable cause or reasonable ground presupposes more than mere suspicion on the part of the arresting officer, an arrest may be made on something less than

evidence which would result in conviction; and that probable cause may be founded upon evidence not admissible at the trial of the charge in question.

■■ It has also been held that probable cause may be based on information provided by an informant where the reliability of the informant has been previously established or independently corroborated. *People v. Bambulas*, 42 Ill.2d 419, 247 N.E.2d 873; *People v. Lawrence*, 133 Ill. App.2d 542, 273 N.E.2d 637; *People v. Gant*, 14 Ill.App.3d 282, 302 N.E.2d 376.

■■ From the facts in the case at bar, Beach and his partner Arm, had reasonable grounds to arrest defendant without a warrant (Ill. Rev. Stat. 1971, ch. 38, par. 107—2(c); *People v. McDonald*, 26 Ill.2d 325, 186 N.E.2d 303). The arrest was lawful and a search incidental to it could be made. Section 108—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 108—1) applies to a search without a warrant and provides:

> "Search without Warrant.) When a lawful arrest is effected a peace officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of:
> (a) Protecting the officer from attack; or
> (b) Preventing the person from escaping; or
> (c) Discovering the fruits of the crime; or
> (d) Discovering any instruments, articles, or
> things which may have been used in the commission of, or which may constitute evidence of, an offense."

We believe the seizure of the marijuana in the Good Humor bag and from the defendant's person was permissible under section 108—1(d). Therefore, the trial court did not err in denying defendant's motion to suppress. *People v. Accardi*, 58 Ill.App.2d 364, 208 N.E.2d 43; *People v. Bush*, 14 Ill.App.3d 932, 303 N.E.2d 760.

The defendant relies upon the case of *People v. Hanna*, 42 Ill.2d 323, 247 N.E.2d 610 for the general statement that whether probable cause existed must be governed by the totality of the facts and circumstances in each case. However, the court there held that "the totality of the facts and circumstances" of the case were such that probable cause existed for a warrantless arrest and a warrantless search.

The defendant also relies upon the case of *People v. Parren*, 24 Ill.2d 572, 182 N.E.2d 662 to sustain his position that Beach's reliance on "givers" of the reports that the defendant was selling marijuana from his truck in front of the school was irrelevant to show probable cause, since the reliability of the "givers" of these reports was not established. However, the court there stated (24 Ill.2d, p. 576) that "although information provided by an anonymous informer is relevant on the issue of reason-

440

able cause, * * * an arrest may not be made solely on such information." In the case at bar there was other information given to Beach which, together with his own observations, was sufficient to constitute probable cause for the arrest and search without a warrant. *People v. Denham*, 41 Ill.2d 1, 5, 241 N.E.2d 415; *People v. Ramos*, 112 Ill.App.2d 330, 335, 250 N.E.2d 822.

The judgment of the trial court is affirmed.

Judgment affirmed.

STAMOS, P. J., took no part in the consideration or decision of this case.